UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

STEPHANIE RODRIGUEZ,

    Plaintiff

v.

EQUIFAX INFORMATION SERVICES LLC,
GOLD KEY CREDIT, INC.,
WEST ASSET MANAGEMENT, INC.,
NORTH AMERICAN CREDIT SERVICES, INC.,
COLLECTION INFORMATION BUREAU, INC., d/b/a
DOCTORS BUSINESS BUREAU,
ENHANCED RECOVERY COMPANY, LLC, and
PENN CENTRAL CORPORATION,

    Defendant(s).
_____/

## COMPLAINT

COMES NOW the Plaintiff, STEPHANIE RODRIGUEZ (hereafter collectively the "Plaintiff") by counsel, and for her complaint against the Defendants, alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq*. (Federal Fair Credit Reporting Act), and 15 U.S.C. § 1692 (Federal Fair Debt Collection Practices Act) as set forth below.

## JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681 and 15 U.S.C. 1692.

3. The Plaintiff is a natural person and resident of the State of Florida. She is a "consumer" as defined by 15 U.S.C. § 1681a(c) and also pursuant to 15 U.S.C. 1692(a)(3).

1

4    Upon information and belief, EQUIFAX INFORMATION SERVICES LLC is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

5.   Upon information and belief, EQUIFAX INFORMATION SERVICES LLC disburses such consumer reports to third parties under contract for monetary compensation.

6.   Upon information and belief, GOLD KEY CREDIT, INC., is a nationwide debt collection agency headquartered at 16070 Aviation Loop Drive, Brooksville, FL 34604 and regularly collects debts throughout the United States of America.

7.   Upon information and belief, WEST ASSET MANAGEMENT, INC., is a nationwide debt collection agency headquartered at 11808 Miracle Hills Drive, Omaha, NE 68154.

8.   Upon information and belief, NORTH AMERICAN CREDIT SERVICES, INC., is a nationwide debt collection agency headquartered at 2810 Walkers Road, Chattanooga, TN 37421 and regularly collects debts throughout the United States of America and regularly collects debts throughout the United States of America.

9.   Upon information and belief, COLLECTION INFORMATION BUREAU, INC., d/b/a DOCTORS BUSINESS BUREAU is a nationwide debt collection agency headquartered at 202 North Federal Highway, Lake Worth, FL 33460 and regularly collects debts throughout the United States of America.

10. Upon information and belief, ENHANCED RECOVERY COMPANY, LLC is a nationwide debt collection agency headquartered at 8014 Bayberry Road, Jacksonville, FL 32256 and regularly collects debts throughout the United States of America.

11. Upon information and belief, PENN CENTRAL CORPORATION is a nationwide debt collection agency headquartered at 916 South 14th Street, Harrisburg, PA 17104 and regularly collects debts throughout the United States of America

12. All Defendants above have attempted to collect charges from Plaintiff that she does not legally owe.

13. Plaintiff filed a consumer dispute with EQUIFAX INFORMATION SERVICES LLC in approximately January 2014 in which she specifically advised that the medical accounts on her report with Gold Key Credit, Inc., West Asset Management, Inc. North American Credit Services, Inc., and Collection Information Bureau, Inc. d/b/a Doctors Business Bureau, were not her accounts. Plaintiff advised that the address associated with these charges was not hers, that she had never received any medical care and treatment in Orlando, Florida (where the treatment occurred) and that the social security number used was not hers, nor was the date of birth.

14. All Defendants listed in paragraph 13 above are currently reporting derogatory information regarding Plaintiff but none of the accounts that these Defendants are reporting on are Plaintiff's responsibility.

15. As of the filing of this Complaint, all furnishers of the derogatory information have erroneously verified that Plaintiff is still responsible for the allegedly past due accounts at issue.

16.     Upon the Plaintiff's request for verification and deletion, and in accordance with its standard procedures, Equifax did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the furnishers representations.  This is obvious because if Equifax had considered any of the information provided by Plaintiff, they would have realized the mistake and immediately deleted the accounts.

17.     Equifax is required to transmit Plaintiff's dispute to the furnishers identified in paragraph 13, and Equifax did indeed transmit the information because Plaintiff's credit report shows that all Defendants in paragraph 13 received the dispute, yet they erroneously verified the inaccurate and derogatory information.  None of the creditors in paragraph 13 considered any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the Plaintiffs representations.  This is obvious because if they had considered any of the information provided by Plaintiff, they would have realized the mistake and immediately deleted the accounts.

18.     West Asset Management, Inc. further sent plaintiff a dunning letter on October 14, 2014 demanding payment of $150.00 for a debt that Plaintiff bears no legal responsibility for.  (See Exhibit A)  This letter was a communication as contemplated by the FDCPA.

19.     Enhanced Recovery Company, LLC sent plaintiff dunning letters on February 20, 2014 and March 4, 2014 (See Exhibit B and C) demanding payment for bills that plaintiff bears no legal responsibility for.  These letters were communications as contemplated by the FDCPA. Plaintiff previously spoke with Enhanced Recovery Company, LLC in May 11, 2012 when they

4

first began dunning plaintiff and advised them that the accounts were not here, Plaintiff spoke with "Roni", a debt collection agent for Defendant,

20. Penn Central Corporation sent plaintiff a dunning letter on March 11, 2014 demanding payment of $103.00 for a debt that Plaintiff bears no legal responsibility for. (See Exhibit D) This letter was a communication as contemplated by the FDCPA.

**FIRST CLAIM FOR RELIEF AGAINST EQUIFAX INFORMATION SERVICES LLC**

21. EQUIFAX violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

22. As a result of this conduct, action and inaction of EQUIFAX, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

23. EQUIFAX'S conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. 1681o.

24. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**SECOND CLAIM FOR RELIEF AGAINST EQUIFAX INFORMATION SERVICES LLC**

25. EQUIFAX violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such

inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to furnishers; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

26. As a result of this conduct, action and inaction of EQUIFAX, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

27. EQUIFAX'S conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

28. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANT GOLD KEY CREDIT. INC**

29. GOLD KEY CREDIT, INC., violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)by failing to fully and properly investigate the Plaintiff's dispute of the GOLD KEY CREDIT'S representation; by failing to review all relevant information regarding same; by failing to accurately respond to Equifax; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the GOLD KEY CREDIT, INC. representations to the consumer reporting agencies.

30. As a result of this conduct, action and inaction of GOLD KEY CREDIT, INC., the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

31. GOLD KEY CREDIT, INC's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

32. The Plaintiff is entitled to recover costs and attorney's fees from GOLD KEY CREDIT, INC., in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### SECOND CLAIM FOR RELIEF AGAINST GOLD KEY CREDIT, INC. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e(8)

33. Defendant improperly communicated an amount not permitted by law, mainly, reported an amount due and owing that Plaintiff was not legally obligated to pay to consumer credit agencies.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A) Damages and

B) Attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF AGAINST GOLD KEY CREDIT, INC VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e(2)

34. Defendant falsely represented the character of the debt that was allegedly owed to Defendant.

35. Defendant attempted to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A) Damages and

B) Attorneys' fees and costs.

### FIRST CLAIM FOR RELIEF AGAINST WEST ASSET MANAGEMENT, INC.

36. WEST ASSET MANAGEMENT violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)by failing to fully and properly investigate the Plaintiff's dispute of the WEST ASSET representation; by failing to review all relevant information regarding same; by failing to accurately respond to Equifax; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the west asset representations to the consumer reporting agency.

37. As a result of this conduct, action and inaction of WEST ASSET MANAGEMENT, INC., the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

38. WEST ASSET MANAGEMENT INC.'s conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

39. The Plaintiff is entitled to recover costs and attorney's fees from WEST ASSET MANAGEMENT, INC., in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### SECOND CLAIM FOR RELIEF AGAINST WEST ASSET MANAGEMENT, INC. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e(8)

40. Defendant improperly communicated an amount not permitted by law, mainly, reported an amount due and owing that Plaintiff was not legally obligated to pay to consumer credit agencies.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A) Damages and

B) Attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF AGAINST WEST ASSET MANAGEMENT, INC. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e(2)

.
41. Defendant falsely represented the character of the debt that was allegedly owed to Defendant.

42. Defendant attempted to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A) Damages and

B) Attorneys' fees and costs.

## **FIRST CLAIM FOR RELIEF AGAINST NORTH AMERICAN CREDIT SERVICES, INC.**

43. NORTH AMERICAN CREDIT SERVICES, INC., violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)by failing to fully and properly investigate the Plaintiff's dispute of the NORTH AMERICAN representation; by failing to review all relevant information regarding same; by failing to accurately respond to Equifax; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the NORTH AMERICAN representations to the consumer reporting agency.

44. As a result of this conduct, action and inaction of NORTH AMERICAN CREDIT, INC., the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

45. NORTH AMERICAN CREDIT'S conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

46. The Plaintiff is entitled to recover costs and attorney's fees from NORTH AMERICAN CREDIT in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## SECOND CLAIM FOR RELIEF AGAINST NORTH AMERICAN CREDIT SERVICES, INC. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(8)

47. Defendant improperly communicated an amount not permitted by law, mainly, reported an amount due and owing that Plaintiff was not legally obligated to pay to consumer credit agencies.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A) Damages and

B) Attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF AGAINST NORTH AMERICAN CREDIT SERVICES, INC. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)

48. Defendant falsely represented the character of the debt that was allegedly owed to Defendant.

49. Defendant attempted to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A) Damages and

B) Attorneys' fees and costs.

## FIRST CLAIM FOR RELIEF AGAINST COLLECTION INFORMATION BUREAU, INC., d/b/a DOCTORS BUSINESS BUREAU

50. COLLECTION INFORMATION BUREAU, INC., d/b/a DOCTORS BUSINESS BUREAU, violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)by failing to fully and properly investigate the Plaintiff's dispute of the COLLECTION INFORMATION BUREAU,

INC., representation; by failing to review all relevant information regarding same; by failing to accurately respond to Equifax; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the COLLECTION INFORMATION BUREAU'S representations to the consumer reporting agency.

51.     As a result of this conduct, action and inaction of COLLECTION INFORMATION BUREAU, INC., the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

52.     COLLECTION INFORMATION BUREAU'S conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

53.     The Plaintiff is entitled to recover costs and attorney's fees from COLLECTION INFORMATION BUREAU, INC., in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**SECOND CLAIM FOR RELIEF AGAINST COLLECTION INFORMATION BUREAU, INC., d/b/a DOCTORS BUSINESS BUREAU VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e(8)**

54.     Defendant improperly communicated an amount not permitted by law, mainly, reported an amount due and owing that Plaintiff was not legally obligated to pay to consumer credit agencies.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)   Damages and

B)   Attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF AGAINST COLLECTION INFORMATION BUREAU, INC., d/b/a DOCTORS BUSINESS BUREAU VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e(2)

55.   Defendant falsely represented the character of the debt that was allegedly owed to Defendant.

56.   Defendant attempted to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)   Damages and

B)    Attorneys' fees and costs.

### FIRST CLAIM FOR RELIEF AGAINST ENHANCED RECOVERY COMPANY, LLC, VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e(2)

57.   Defendant falsely represented the character of the debt that was allegedly owed to Defendant.

58.   Defendant attempted to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)   Damages and

B)     Attorneys' fees and costs.

## FIRST CLAIM FOR RELIEF AGAINST PENN CENTRAL CORPORATION VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT15 U.S.C. § 1692e(2)

59.    Defendant falsely represented the character of the debt that was allegedly owed to Defendant.

60.    Defendant attempted to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)     Damages and

B)     Attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against Defendants, jointly and severally; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED**.

Dated: May 5, 2014                      Respectfully Submitted,

                                        s/ J. Dennis Card, Jr.
                                        J. Dennis Card, Jr., Esq.
                                        Florida Bar No.: 0487473
                                        E-mail: Dcard@consumerlaworg.com
                                        Consumer Law Organization, P.A.
                                        2501 Hollywood Boulevard, Suite 100
                                        Hollywood, Florida 33020
                                        Telephone: (954) 921-9994
                                        Facsimile: (305) 574-0132
                                        Attorney for Plaintiff



## West Asset Management

### NOTICE OF DEBT

>>>>> Please Call Toll Free 1-877-411-9758 <<<<<
Office hours are Monday through Friday 8:00am – 9:00pm Central Standard Time

October 14, 2013
RE:      Osceola Regional Hospital
Reference #:   100845747
Service Date:   05/03/13
Amount Due:    $150.00

Dear Stephanie Rodriguez,

Your account has been turned over to us for collection. Your balance is extremely past due.

You will find that we are reasonable people to deal with. However, <u>you</u> must make the effort to pay off this extremely delinquent account.

Contact our office to make arrangements to pay your obligation. You may call us toll free at 1-877-411-9758.

Log on to WWW.WESTBILLPAY.COM to pay by credit card or bank account. Your login account number is 203-19381066

Sincerely,

West Asset Management, Inc.

**See Reverse Side For Important Information**

***Detach Lower Portion and Return with Payment***

IONATTN09600-01172013



ONATTN09
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

Account #: ████1066
Reference #: 100845747
Amount: $150.00

October 14, 2013

████1066-600-09      154358704

Stephanie Rodriguez

Please mail all payments to:
West Asset Management, Inc.
PO Box 790113
St. Louis, MO  63179-0113

**EXHIBIT A**

09  0000000000████1066 0 00000000000 910000000600 7



# Enhanced Recovery Company, LLC

February 20, 2014

Creditor: Wells Fargo Bank NA
Original Creditor: WELLS FARGO BANK NA
Account Number: XXXXXXXXXXXX9509
Amount of Debt: $50.56
Reference Number: 91524468

## COLLECTION NOTICE

STEPHANIE RODRIGUEZ

Wells Fargo Bank NA has attempted to resolve your account. As a result of your failure to resolve your financial obligation with Wells Fargo Bank NA, your account has been assigned to Enhanced Recovery Company, LLC for collection efforts.

Upon receipt and clearance of $50.56, your account will be closed and collection efforts will cease.

View statements, pay your balance, and manage your account online at www.payerc.com

Telephone: (800) 501-9334 Toll Free. All calls are recorded and may be monitored for training purposes.

Send correspondence to: Enhanced Recovery Company, LLC, 8014 Bayberry Rd., Jacksonville, FL 32256-7412

Office Hours (Eastern Time): Mon - Thur, 8:00 am - 11:00 pm; Fri: 8:00 am - 10:00 pm; Sat: 8:00 am - 8:00 pm

**This is an attempt to collect a debt. Any information obtained will be used for that purpose.
NOTICE - SEE REVERSE SIDE FOR IMPORTANT NOTICES AND CONSUMER RIGHTS**

Please do not send correspondence to this address.

P.O. BOX 1259, Dept 98696
Oaks, PA 19456



February 20, 2014

| IF PAYING BY CREDIT OR DEBIT CARD, FILL OUT BELOW. OR IF PAYING BY CHECK OR MONEY ORDER PLEASE REMIT TO ADDRESS BELOW. | | BILLING ZIP |
|---|---|---|
| VISA ☐   ☐   ☐ | | |
| CARD NUMBER | | SECURITY CODE |
| SIGNATURE | | EXP. DATE |
| REFERENCE NUMBER | AMOUNT OF DEBT | AMOUNT PAID |
| 91524468 | $50.56 | $ |

 98689 - 1048   Enhanced Recovery Company, LLC
STEPHANIE RODRIGUEZ                P.O. Box 23870
                                   Jacksonville, FL 32241-3870

**EXHIBIT B**



 **Enhanced Recovery Company, LLC**

March 04, 2013

**Creditor:** Comcast Cable Communications, LLC
**Original Creditor:** Comcast Cable Communications, LLC
**Account Number:** XXXXXXXXXXXX4681
**Amount of Debt:** $254.43
**Reference Number:** 72397769

**COLLECTION NOTICE**

STEPHANIE RODRIGUEZ

Comcast Cable Communications, LLC has attempted to resolve your account. As a result of your failure to resolve your financial obligation with Comcast Cable Communications, LLC, your account has been assigned to Enhanced Recovery Company, LLC for collection efforts.

Upon receipt and clearance of $254.43, your account will be closed and collection efforts will cease.

 View statements, pay your balance, and manage your account online at www.payerc.com

 Telephone: (800) 496-0234 Toll Free

 Send correspondence to: Enhanced Recovery Company, LLC, 8014 Bayberry Rd., Jacksonville, FL 32256-7412

Office Hours (Eastern Time): Mon - Thur, 8:00 am - 11:00 pm; Fri: 8:00 am - 10:00 pm; Sat: 8:00 am - 8:00 pm

 

**This is an attempt to collect a debt. Any information obtained will be used for that purpose.**
**NOTICE - SEE REVERSE SIDE FOR IMPORTANT NOTICES AND CONSUMER RIGHTS**

Please do not send correspondence to this address.

P.O. BOX 1259, Dept 98696
Oaks, PA 19456



March 04, 2013

| IF PAYING BY CREDIT OR DEBIT CARD, FILL OUT BELOW OR IF PAYING BY CHECK OR MONEY ORDER PLEASE REMIT TO ADDRESS BELOW. | | | BILLING ZIP |
|---|---|---|---|
| ☐ VISA | ☐ MasterCard | ☐ AMERICAN EXPRESS | |
| CARD NUMBER | | | SECURITY CODE |
| SIGNATURE | | | EXP. DATE |
| REFERENCE NUMBER | AMOUNT OF DEBT | | AMOUNT PAID |
| 72397769 | $254.43 | | $ |

|||..||.|||||.|..||.|.|||.||..||.|.|||.||.|..|.|..|||.|   98690 - 9191

STEPHANIE RODRIGUEZ

Enhanced Recovery Company, LLC
8014 Bayberry Rd.
Jacksonville, FL 32256-7412



EXHIBIT C

 NOTICE OF COLLECTION

03/11/14



Hours: Mon-Thur 8am-10pm EST
Fri 8am-5pm EST
Sat 8am-12pm EST

CLIENT: City of Kissimmee
ID NUMBER: C9048852
TOTAL BALANCE DUE: $103.00

Phone: 800-900-1382

Our client has referred your delinquent account(s) referenced below for collection. Our client is serious about collecting all monies owed them and I am sure your intentions are to honor your debt. Send payment using the enclosed envelope or you may go online to http://account.penncredit.com to make payment or contact our office to pay over the phone. Contact our office if you are unable to pay the amount due.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose. The important rights included above apply to each account individually and you have the right to dispute any or all of the accounts included in this notice. In the event you choose to exercise your important rights included above please indicate which account(s) you are disputing.

| SERVICE RENDERED | SERVICE DATE | ACCOUNT NUMBER | BALANCE |
|---|---|---|---|
| DELINQUENT EMS BILL | 2013/05/03 | ▮▮▮▮2285 | $103.00 |

DETACH AND RETURN WITH PAYMENT TO EXPEDITE CREDIT TO YOUR ACCOUNT

P.O Box 1259, Department 91047
Oaks, PA 19456
CHANGE SERVICE REQUESTED

| IF PAYING BY VISA, MASTERCARD OR DISCOVER, FILL OUT BELOW |||
|---|---|---|
| ☐ VISA | ☐ MASTERCARD | ☐ DISCOVER |
| CARD NUMBER | | EXP. DATE |
| SIGNATURE | | AMOUNT |

Visit http://account.penncredit.com to pay your bill online.

Payments received by check will be electronically deposited, unless you pay by non-consumer type check. You may opt out of this program by paying with a money order or a travelers check. In the unlikely event your check (payment) is returned unpaid, we may elect to electronically (or by paper draft) re-present your check (payment) up to two more times. You also understand and agree that we may collect a return processing charge by the same means, in an amount not to exceed that as permitted by state law.

91203 - 17594

STEPHANIE RODRIGUEZ

ID NUMBER: C9048852     03/11/14

PENN CREDIT
916 S 14th ST
PO BOX 988
HARRISBURG PA 17108-0988



EXHIBIT D

91203-NEW-17594